IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-4-D-1
No. 5:14-CV-136-D

| | | |
|---|---|---|
| RANDY WESLEY JONES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On March 31, 2014, Randy Wesley Jones ("Jones") moved to vacate, set aside, or correct his 228-month sentence pursuant to 28 U.S.C. § 2255. See [D.E. 104]. On May 5, 2014, the government moved to dismiss Jones's section 2255 motion. See [D.E. 106]. On May 27, 2014, Jones responded in opposition to the government's motion to dismiss. See [D.E. 109]. As explained below, the court grants the government's motion to dismiss.

I.

On January 10, 2012, a federal grand jury in the Eastern District of North Carolina indicted Jones on one count of conspiring to distribute and possess with the intent to distribute 280 grams or more of cocaine base (crack) and a quantity of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) (count one); five counts of distributing a quantity of cocaine base (crack) and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (counts two, three, four, five, and seven); and one count of distributing 28 grams or more of cocaine base (crack) and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (count six). See [D.E. 1]. On October 29, 2012, Jones pleaded guilty, pursuant to a written plea agreement [D.E. 73], to count one. See [D.E. 72]; Arraignment Tr. [D.E. 95] 27–28.

Before sentencing, the United States Probation Office ("probation") prepared a Presentence Investigation Report ("PSR"). See [D.E. 83]. Probation calculated Jones's advisory guideline range to be 292 to 365 months' imprisonment, based on a total offense level of 35 and a criminal history category of VI. See PSR ¶¶ 37, 68, 71. In determining Jones's total offense level, probation imposed a two-level enhancement for possessing a dangerous weapon under U.S.S.G. § 2D1.1(b)(1), and a four-level enhancement for serving as an organizer or leader under U.S.S.G. § 3B1.1(a). See id. ¶¶ 61, 63. Jones objected to both enhancements. See PSR add. ¶¶ 2–3.

On March 5, 2013, at Jones's sentencing hearing, the court overruled Jones's objection to the enhancement under section 2D1.1(b)(1). See Sentencing Tr. [D.E. 93] 9. The court then sustained in part Jones's objection to the enhancement under section 3B1.1, finding that Jones served as a manager or supervisor, rather than an organizer or leader, and that a three-level enhancement under section 3B1.1(b) was warranted. See id. 9–10. Accordingly, the court calculated Jones's advisory guideline range to be 262 to 327 months' imprisonment, based on a total offense level of 34 and a criminal history category of VI. See id. 11. Next, the court granted the government's motion for a downward departure under U.S.S.G. § 5K1.1. See id. 11–12; [D.E. 82]. After considering the entire record, the arguments of counsel, Jones's statement, and all of the factors under 18 U.S.C. § 3553(a), the court sentenced Jones to 228 months' imprisonment. See Sentencing Tr. 12–15; Judgment [D.E. 86].

On March 28, 2013, Jones appealed. See [D.E. 88]. Jones's appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that "there are no meritorious issues for appeal, but questioning whether the district court committed reversible error when it accepted Jones'[s] guilty plea and during Jones'[s] sentencing hearing." United States v. Jones, 547 F. App'x 186, 187 (4th Cir. 2013) (per curiam) (unpublished). Jones did not submit a pro se supplemental

2

brief. See id. On November 21, 2013, the United States Court of Appeals for the Fourth Circuit affirmed Jones's conviction and sentence, concluding that Jones's guilty plea was knowing, voluntary, and supported by a sufficient factual basis, and that the court properly calculated Jones's advisory guideline range. See id. at 187–89.

Jones raises two claims in his section 2255 motion. First, citing Dorsey v. United States, 132 S. Ct. 2321 (2012), Jones contends that he should have received the benefit of the Fair Sentencing Act. See [D.E. 104] 4. Second, Jones contends that the court erred by imposing a four-level enhancement under U.S.S.G. § 3B1.1(a) and a two-level enhancement under U.S.S.G. § 2D1.1(b)(1). See id. 5. In response, the government moves to dismiss Jones's section 2255 motion for failure to state a claim upon which relief can be granted. [D.E. 106]; see Fed. R. Civ. P. 12(b)(6).

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion to vacate, the court is not limited to the

motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

First, Jones contends that he should have received the benefit of the FSA. He did. The court sentenced Jones on March 5, 2013, long after the FSA became effective on August 3, 2010, after the amendments promulgated under the FSA became effective on November 1, 2010, and after the Supreme Court decided Dorsey on June 21, 2012. Under the pre-FSA Guidelines, Jones's base offense level would have been 34. Under the post-FSA Guidelines, Jones's base offense level was 32.[1] Moreover, consistent with the FSA, Jones's plea agreement provides that his conviction on count one carries a mandatory minimum term of 10 years' imprisonment, and a maximum term of life imprisonment. See Plea Agreement [D.E. 73] ¶ 3(a)(4)–(5); 18 U.S.C. § 841(b)(1)(A). Accordingly, Jones's first claim fails.

Second, Jones contends that the court erred by imposing a four-level enhancement under section 3B1.1(a), and a two-level enhancement under section 2D1.1(b)(1). This claim fails for several reasons. The court did not impose a four-level enhancement under section 3B1.1(a). It imposed a three-level enhancement under section 3B1.1(b). Moreover, Jones already argued to the Fourth Circuit that the court miscalculated his advisory guideline range, and the Fourth Circuit rejected the claim. Jones cannot use section 2255 to relitigate claims that the Fourth Circuit rejected on direct appeal. See United States v. Dyess, 730 F.3d 354, 360 (4th Cir. 2013); United States v. Linder, 552 F.3d 391, 396–97 (4th Cir. 2009); United States v. Roane, 378 F.3d 382, 396 n.7 (4th

---

[1] Jones was accountable for possessing 272.82 grams of cocaine base (crack) and 185.7 grams of cocaine. See PSR ¶¶ 15, 60. Under the pre-FSA Guidelines, this drug quantity would have yielded a total marijuana equivalency of 5,493.54 kilograms, which corresponded with a base offense level of 34. Under the post-FSA Guidelines, which the court applied, this drug quantity yielded a total marijuana equivalency of 1,011.38 kilograms, which corresponded with a base offense level of 32.

4

Cir. 2004); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (per curiam).

Alternatively, the appellate waiver in Jones's plea agreement bars Jones from using 28 U.S.C. § 2255 to challenge the court's calculation of his advisory guideline range. In his plea agreement, Jones agreed

> to waive knowingly and expressly all rights . . . to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [Jones] at the time of [his] guilty plea.

Plea Agreement ¶ 2(c). An appellate waiver is enforceable "to preclude a defendant from appealing a specific issue if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

To be valid, the appellate waiver must have been knowing, intelligent, and voluntary. See, e.g., United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); Blick, 408 F.3d at 169. "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." Thornsbury, 670 F.3d at 537; see United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013). At his Rule 11 hearing, Jones affirmed that he had read and discussed his plea agreement with his lawyer, and after hearing the court read his appellate waiver aloud, affirmed that he understood the rights he was giving up in the waiver. See Arraignment Tr. 23–25. Thus, Jones's waiver was valid. Moreover, Jones reserved only the right to file a section 2255 motion "based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [him] at the time of the [his] guilty plea." Plea Agreement ¶ 2(c). Jones does not

5

allege either ineffective assistance of counsel or prosecutorial misconduct. Rather, he alleges that the court erred in calculating his advisory guideline range. Thus, Jones's claim falls within the scope of his appellate waiver. See Copeland, 707 F.3d at 528–30. Accordingly, the court enforces Jones's appellate waiver and dismisses his second claim.

Alternatively, Jones's challenge to the court's calculation of his advisory guideline range is not cognizable under section 2255. Simply put, the alleged error cannot surmount section 2255's procedural bar where (as here) Jones received a sentence less than the statutory maximum. See 28 U.S.C. § 2255(a); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999); United States v. Mikalajunas, 186 F.3d 490, 495–96 (4th Cir. 1999).

Finally, even if the court had erred in calculating Jones's advisory guideline range, it "would [have] impose[d] [the] same sentence as an alternative variant sentence." Sentencing Tr. 16; see United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 160–65 (4th Cir. 2012); United States v. Savillon-Matute, 636 F.3d 119, 123–24 (4th Cir. 2011); United States v. Keene, 470 F.3d 1347, 1348–50 (11th Cir. 2006). Accordingly, no change to Jones's sentence is warranted based on any alleged error the court made in calculating his advisory guideline range.

After reviewing the claims presented in Jones's section 2255 motion, the court determines that reasonable jurists would not find the court's treatment of any of Jones's claims debatable or wrong, and that none deserve encouragement to proceed any further. Thus, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 106], and DISMISSES Jones's section 2255 motion [D.E. 100, 104]. The court also DENIES a certificate of appealability.

6

The clerk shall close the case.

SO ORDERED. This 31 day of July 2014.

                                                    JAMES C. DEVER III
                                                    Chief United States District Judge