IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-4-D

UNITED STATES OF AMERICA )
)
v. ) **ORDER**
)
RANDY WESLEY JONES, )
)
           Defendant. )

On October 29, 2012, pursuant to a plea agreement [D.E. 73], Randy Wesley Jones ("Jones") pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute more than 280 grams of cocaine base (crack) and a quantity of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. See Rule 11 Tr. [D.E. 95] 3–31. The conspiracy took place from on or about 2004 until on or about June 14, 2011. See [D.E. 1] 1.

On March 5, 2013, the court held Jones's sentencing hearing. See Sentencing Tr. [D.E. 93]. At the hearing, the court adopted the facts in the Presentence Investigation Report ("PSR") [D.E. 83] and ruled on Jones's objections. See Sentencing Tr. 5–10; Fed. R. Crim. P. 32(i)(3)(A). The court calculated Jones's total offense level to be 34, his criminal history category to be VI, and his advisory guideline range to be 262 to 327 months. See Sentencing Tr. 10–11. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a) and the government's motion under U.S.S.G. § 5K1.1 [D.E. 82], the court sentenced Jones to 228 months' imprisonment. See Sentencing Tr. 11–17; [D.E. 86].

Jones appealed. See [D.E. 88]. On November 21, 2013, the Fourth Circuit affirmed the court's judgment. See United States v. Jones, 547 F. App'x 186, 187–89 (4th Cir. 2013) (per curiam) (unpublished).

On November 6, 2014, Jones filed a pro se motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 113]. On March 2, 2016, Jones (through counsel) filed a second motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 126]. Jones's new advisory guideline range is 210 to 262 months' imprisonment based on a total offense level of 32 and a criminal history category of VI. See id. Jones seeks a 183-month sentence. See id. On March 23, 2016, the government responded in opposition to Jones's motion and recounted Jones's serious criminal conduct and his egregious misconduct while incarcerated on his federal sentence. See [D.E. 127].

The court has discretion to reduce Jones's sentence. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Jones's sentence, the court finds that Jones engaged in a serious and prolonged conspiracy to distribute and possess with intent to distribute cocaine base (crack) and cocaine. See PSR ¶¶ 1–15. Furthermore, Jones has a lengthy and disturbing criminal history, including multiple convictions for serious drug offenses and violent behavior. See id. ¶¶ 17–33. Moreover, when not incarcerated, Jones has a poor work history. See id. ¶¶ 48–57. Additionally, while incarcerated on his federal sentence, Jones has engaged in egregiously inappropriate conduct. See [D.E. 127] 4–5; [D.E. 127-1, 127-2, 127-3]; cf. Pepper v. United States, 562 U.S. 476, 491 (2011); U.S.S.G. § 1B1.10, cmt. n.1(B)(iii).

2

Having reviewed the entire record and all relevant policy statements, the court finds that Jones received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a) and finds that reducing Jones's sentence would threaten public safety in light of his serious criminal conduct, criminal history, and misconduct in prison. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Jones's serious criminal conduct, criminal history, poor work history, and misconduct in prison do not support reducing Jones's sentence. Thus, the court denies Jones's motion for reduction of sentence. See, e.g., Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, Jones's motions for reduction of sentence [D.E. 113, 126] are DENIED.

SO ORDERED. This 14 day of April 2016.

JAMES C. DEVER III
Chief United States District Judge