IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CR-4-D

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v. )<br>)<br>RANDY WESLEY JONES, )<br>)<br>Defendant. ) | **ORDER** |

On November 17, 2020, Randy Wesley Jones ("Jones" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 162]. On March 17, 2022, the government responded in opposition [D.E. 167]. As explained below, the court denies Jones's motion.

I.

On October 29, 2012, pursuant to a plea agreement [D.E. 73], Jones pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute more than 280 grams of cocaine base (crack) and a quantity of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. See Rule 11 Tr. [D.E. 95] 3–31. The conspiracy took place from on or about 2004 until on or about June 14, 2011. See [D.E. 1] 1.

On March 5, 2013, the court held Jones's sentencing hearing. See Sentencing Tr. [D.E. 93]. At the hearing, the court adopted the facts in the Presentence Investigation Report ("PSR") [D.E. 83] and resolved Jones's objections. See Sentencing Tr. 5–10; Fed. R. Crim. P. 32(i)(3)(A). The court calculated Jones's total offense level to be 34, his criminal history category to be VI, and his advisory

guideline range to be 262 to 327 months. See Sentencing Tr. 10–11. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a) and granting the government's downward departure motion, the court sentenced Jones to 228 months' imprisonment. See Sentencing Tr. 11–17; [D.E. 86].

Jones appealed. See [D.E. 88]. On November 21, 2013, the Fourth Circuit affirmed the court's judgment. See United States v. Jones, 547 F. App'x 186, 187–89 (4th Cir. 2013) (per curiam) (unpublished).

On November 6, 2014, Jones filed a pro se motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 113]. On March 2, 2016, Jones (through counsel) filed a second motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 126]. On April 14, 2016, the court denied Jones's motion for reduction of sentence. See [D.E. 130] 2–3. On April 19, 2016, the court denied Jones's motion for relief under Federal Rule of Criminal Procedure 35(a). See [D.E. 132].

On April 20, 2016, Jones appealed the court's order denying relief under 18 U.S.C. § 3582(c). See [D.E. 133]. On April 28, 2016, Jones requested reconsideration. See [D.E. 137]. On August 23, 2016, the Fourth Circuit affirmed. See [D.E. 140]. On the same date, this court denied Jones's motion for reconsideration. See [D.E. 143].

II.

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community.

2

18 U.S.C. § 3582(c)(1)(A); see United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir.) (per curiam), cert. denied, 142 S. Ct. 383 (2021); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s timing requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Concepcion v. United States, No. 20-1650, 2022 WL 2295029, at *12 (U.S. June 27, 2022); Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Pepper v. United States, 562 U.S. 476, 480–81 (2011);

3

High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13, cmt. n.3; McCoy, 981 F.3d at 286 n.9.

No Sentencing Commission policy statement currently applies to a defendant's compassionate release motion. See Hargrove, 30 F.4th at 194; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–31; McCoy, 981 F.3d at 281–82. U.S.S.G. § 1B1.13 is a policy statement that applies to compassionate release motions filed by the BOP Director. Nonetheless, section 1B1.13 "remains helpful guidance even when motions are filed by defendants." McCoy, 981 F.3d at 282 n.7; see Hargrove at 194. Application Note 1 of U.S.S.G. § 1B1.13 lists several extraordinary and compelling circumstances, including (A) a defendant's serious medical condition, (B) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her sentence, (C) certain family circumstances in which a defendant's minor children or incapacitated spouse or registered partner would otherwise have no caregiver, or (D) any other extraordinary and compelling reason. U.S.S.G. § 1B1.13, cmt. n.1(A). "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a" sentence reduction. Id. § 1B1.13, cmt. n.2.

On September 30, 2020, Jones applied to his warden for compassionate release. On November 2, 2020, the warden denied Jones's request. See [D.E. 162] 3. Accordingly, the court considers Jones's motion on the merits. See Muhammad, 16 F.4th at 130.

In support of his motion for compassionate release, Jones cites the COVID-19 pandemic, his health conditions, his rehabilitation, and his release plan. See [D.E. 162] 4–5; [D.E. 162-1].

4

As for his medical conditions, Jones argues that his blood pressure, high cholesterol, and his pre-diabetes place him at elevated risk of serious infection from COVID-19. See [D.E. 162] 5. Under the "medical condition of the defendant" policy statement, a defendant may qualify for compassionate release if the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Other than arguing that incarceration does not promote a healthy lifestyle, Jones does not argue that the BOP is not treating and monitoring his conditions or that he is unable to provide self-care while incarcerated. Cf. [D.E. 167]. And although Jones has concluded that he should not receive a COVID-19 vaccine, the wide availability of COVID-19 vaccines for others means that Jones "largely faces the same risk from COVID-19 as those who are not incarcerated." United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021). Accordingly, granting compassionate release because of Jones's health conditions and the general risk of COVID-19 in prison does not comport with the "medical condition of the defendant" policy statement. See 18 U.S.C. § 3582(c)(1)(A).

Nonetheless, the court assumes without deciding that COVID-19 and Jones's health conditions, his rehabilitation efforts, and his release plan constitute extraordinary and compelling reasons under the "other reasons" policy statement and section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). However, the section 3553(a) factors counsel against reducing Jones's sentence. See Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at

5

331–32.

Jones is 45 years old and is incarcerated for conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base (crack) and a quantity of cocaine. See PSR ¶¶ 1–15. Specifically, Jones was responsible for distributing 272 grams of cocaine base (crack) and 185 grams of cocaine. See id. Jones also engaged in armed drug trafficking and was a leader in the conspiracy. See id.; see also id. ¶¶ 61, 63. Unfortunately, Jones's serious criminal behavior was nothing new. Before his federal conviction, Jones was convicted in state court for possession of cocaine (three counts), carrying a concealed weapon, resisting a public officer (two counts), possession of marijuana, assault a government official/employment, second degree trespass, assault on a female, driving while license revoked, assault with a deadly weapon, resisting a public officer, maintaining a vehicle, dwelling or place for a controlled substance, breaking and entering, assault inflicting serious injury, possession of marijuana up to ½ ounce, and simple assault. See id. ¶¶ 17–33. Jones also has a terrible record on state supervision, including engaging in new criminal conduct. See id. ¶¶ 23, 27. Jones also has been sanctioned thirteen times while federally incarcerated, including seven violations for engaging in sexual acts, four violations for refusing work, a violation for being unsanitary, and a violation for refusing an order. See [D.E. 167] 3; see also [D.E. 127] 4–5.

The court must balance Jones's health conditions with his serious criminal conduct, his terrible criminal history, his poor performance on supervision, his terrible performance in custody, the need to punish him, the need to promote respect for the law, the need to protect society, and the need to deter others. Cf. Concepcion, 2022 WL 2295029, at *12; Pepper, 562 U.S. at 480–81; High, 997 F.3d at 187–91; McDonald, 986 F.3d at 412; Martin, 916 F.3d at 398. The court also has considered Jones's potential exposure to COVID-19, his medical conditions, and his release plan. The court recognizes Jones's desire to get a job if released. See [D.E. 162] 3. Having considered

6

the entire record, the extensive steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Jones's arguments, the government's persuasive response, the need to punish Jones for his serious criminal behavior, to incapacitate Jones, to promote respect for the law, to deter others, and to protect society, the court denies Jones's motion for compassionate release. See, e.g., Chavez-Meza, 138 S. Ct. at 1966–68; Hargrove, 30 F.4th at 198–200; High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32.

III.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 162].

SO ORDERED. This _5_ day of July, 2022.

JAMES C. DEVER III
United States District Judge